Larry J. LIEBERENZ, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 57A03–9811–CR–480.

Court of Appeals of Indiana.

Oct. 27, 1999.

Transfer Denied Dec. 27, 1999.

Susan K. Carpenter, David P. Freund, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Defendant–Appellant Larry J. Lieberenz, Jr. (Lieberenz) appeals his convictions of rape, a Class A felony, Ind.Code § 35–42–4–1; dealing cocaine, a Class A felony, Ind.Code § 35–48–4–1; and conspiracy to deal cocaine, a Class A felony, Ind.Code §§ 35–41–5–2 and 35–48–4–1. Lieberenz also appeals his adjudication as an habitual offender pursuant to Ind.Code § 35–50–2–8.

We affirm in part, and reverse and remand in part.

## ISSUES

Lieberenz presents four issues for our review which we consolidate and restate as follows:

1. Whether the trial court erred in failing to inform Lieberenz of his right to a jury trial with regard to the determination of his habitual offender status.

2. Whether the trial court erred in the admission of certain evidence and the refusal to admit other evidence.

3. Whether Lieberenz's sentence is manifestly unreasonable.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment follow. In the early morning hours of December 21, 1996, Lieberenz entered the home of a friend. Lieberenz's friend was at work, but his wife was at home with their two year old child. Lieberenz asked his friend's wife to engage in sex with him, and, when she refused, he threatened her and then raped her.

In a separate incident in December, 1997, Lieberenz sold cocaine to a confidential informant. Lieberenz sold the cocaine from his house which is located just 660 feet from one of the local school buildings. A few weeks later, the confidential informant again attempted to buy cocaine from Lieberenz, but Lieberenz's shipment had failed to arrive.

Based upon these incidents, Lieberenz was charged with rape, dealing cocaine, conspiracy to deal cocaine, and being an habitual offender. Lieberenz was found guilty by a jury, was adjudicated an habitual offender by the trial court, and was sentenced to an aggregate sentence of 125 years. This appeal ensued.

## DISCUSSION AND DECISION

### I. HABITUAL OFFENDER ADJUDICATION

■ Lieberenz contends that the trial court erred by failing to advise him of his right to a jury trial on the habitual offender claim before accepting his admission to the existence of two prior felony convictions.

■ We agree. Following Lieberenz's conviction by a jury on the charges of rape, dealing in cocaine and conspiracy to deal cocaine, the trial court generally informed Lieberenz that he need not admit the underlying felony convictions for his habitual offender determination; however, the court's advisement ended there. The court failed to include any advisement of Lieberenz's right to have his status as an habitual offender determined by a jury. The State concedes that this is error. *See Snyder v. State,* 668 N.E.2d 1214 (Ind. 1996). Thus, we vacate the trial court's judgment only as to the habitual offender adjudication and remand for a jury trial on the habitual offender claim or for a plea to that claim with the proper advisements.[1]

---

1. We note that in *Boykin v. State,* 702 N.E.2d 1105 (Ind.Ct.App.1998) a panel of this court determined that when a habitual offender conviction was vacated, the conviction of the underlying offense must also be vacated. That case involved a plea agreement which encompassed not only the underlying offense but also the habitual count. It is well settled that if a court accepts a plea agreement, it is bound by its terms. *Reffett v. State,* 571 N.E.2d 1227, 1230 (Ind.1991). Therefore, when the plea agreement contains a sentencing recommendation, the court is obligated to impose the sentence in accordance with that recommendation. *Id.* The panel reasoned that because habitual offender status is a *sen-* tence enhancement, once the habitual conviction is vacated, it changes the terms of the *sentence* as set forth in the plea agreement.

In contrast, *Snyder,* 668 N.E.2d 1214 involved a plea agreement regarding the underlying offenses, with a bench trial on the habitual offender claim. There, our supreme court reasoned that vacating the habitual offender conviction did not change the terms of the plea agreement because the habitual count was not included in the agreement. Thus, the court vacated only the habitual conviction and remanded for action only as to the defendant's habitual status.

## II. ADMISSION OF EVIDENCE

### A. Testimony of Police Officer

Next Lieberenz asserts that the trial court improperly admitted testimony of the police officer regarding statements made to him by the victim. The trial court admitted this testimony based upon its finding that the statements constituted excited utterances by the victim.

The admission or exclusion of evidence is a matter left to the sound discretion of the trial court, and a reviewing court will reverse only upon an abuse of that discretion. *Johnson v. State*, 671 N.E.2d 1203, 1205 (Ind.Ct.App.1996), *trans. denied*, 683 N.E.2d 578 (1997). Ind. Evidence Rule 801(c) provides us with the definition of hearsay as an out-of-court statement offered in court to prove the truth of the matter asserted. Hearsay evidence is inadmissible pursuant to Ind. Evidence Rule 802. However, Ind. Evidence Rule 803 enumerates exceptions to this exclusionary rule. Particularly, Evid. R. 803(2) states that an excited utterance is not excluded by the hearsay rule even though the declarant is available as a witness. In order that a hearsay statement be admitted as an excited utterance, three elements must be present: (1) a startling event has occurred; (2) a statement was made by a declarant while under the stress of excitement caused by the event; and (3) the statement relates to the event. *Brown v. State*, 683 N.E.2d 600, 603 (Ind.Ct.App. 1997), *reh'g denied, trans. denied*, 698 N.E.2d 1182 (1998); Evid. R. 803(2). Under this test, the heart of the inquiry is whether the statement is inherently reliable because the declarant was incapable of thoughtful reflection. *Id.* Further, the statement must be trustworthy under the facts of the particular case, and the trial court should focus on whether the statement was made while the declarant was under the influence of the excitement engendered by the startling event. *Id.*

In the present case, the State offered the testimony of a police officer regarding statements made to him by the victim the morning of the rape in which she described the incident and identified Lieberenz as the perpetrator. The officer testified that the victim stated that she found Lieberenz in her living room at approximately 3:00 a.m. and that Lieberenz was intoxicated. Lieberenz began conversing with the victim and eventually asked her to engage in sex with him. When she refused, Lieberenz became angry. The victim ran into the kitchen and grabbed the phone and a pot of hot coffee to protect herself, but Lieberenz picked up a kitchen chair and threatened to hurt or kill her. Out of fear for her safety and that of her small child who was sleeping in the other room, she complied with Lieberenz's demands. Lieberenz told her to disrobe completely and then performed oral sex on the victim and finally made her engage in intercourse with him in several different positions. The trial court allowed this testimony under the excited utterance exception to the hearsay rule. Lieberenz argues that the police officer's testimony is hearsay, that the statements do not constitute excited utterances, and that the trial court therefore improperly admitted this testimony. To support his claim that these statements are not excited utterances, Lieberenz argues that too much time occurred between the alleged rape and the time the statements were made.

Because the State offered the victim's statements as additional proof of how and by whom she was raped, the statements are hearsay. However, we find the statements were properly admitted over Lieberenz's objection because they consti-

In the present case, Lieberenz was convicted by a jury on the underlying felonies and was convicted following a bench trial on the habitual claim. In keeping with our courts' reasoning, we can vacate Lieberenz's habitual conviction without vacating his convictions for the underlying offenses because neither were the subject of a plea agreement with the State and accepted by the trial court.

tute excited utterances within Evid. R. 803(2). While a statement is generally less likely to be admitted if it is made long after the startling event, the amount of time that has passed is not dispositive. *Yamobi v. State,* 672 N.E.2d 1344, 1346 (Ind.1996). Although we must look at the time factor as Lieberenz suggests, the central issue remains whether the declarant was still under the stress of excitement caused by the startling event when the statement was made. Here, we clearly are faced with: (1) the startling event of a rape, and (2) statements by the victim directly related to this event. Thus, our inquiry should focus on the third requirement: whether the victim's statements were made while she was still under the stress of excitement of this event.

The victim testified that following Lieberenz's departure at approximately 6:00 a.m., she sat on the couch and cried until her husband arrived home from work at approximately 8:45 a.m. The victim's husband testified that when he got home from work he found his wife "balled up on the couch crying." (R. 562–63). He further stated that his wife was unable to explain the details of the ordeal. The victim's mother-in-law was present at the victim's house soon after the victim's husband arrived home from work. At trial, the mother-in-law testified that the victim was " a nervous wreck" on the couch crying and repeatedly stated "he hurt me." (R. 582). Additionally, the officers responding to the scene described the victim as being "very upset," "disturbed," "wasn't making much sense," "extremely upset," and "sobbing." (R. 281 and 533).

Although the record reveals that a number of hours had passed between the time of the rape and the victim's statements to her relatives and the police, we find the testimony of the police officer admissible pursuant to the excited utterance exception to the hearsay rule. Based upon our evaluation of the facts of this case, the victim remained under the stress of the excitement of this situation for many hours

afterward. We recognize, as did the trial court, that the greater the stress caused by the startling event, as well as the duration of the event, the longer the effects of the stress may last. *See also* 13 R. Miller, Indiana Practice § 803.102 at 602 (2d. ed.1995). This incident encompassed the period of a number of hours, and we therefore find it reasonable that the stress caused by this event could very well continue for a number of hours following the incident. Thus, based upon the descriptions of the victim's physical and psychological state, we doubt she was capable of thoughtful reflection and deliberation in order to fabricate this story.

■ Assuming, *arguendo,* that the victim's statement failed to qualify as an excited utterance, our supreme court has determined that the improper admission of hearsay evidence is not grounds for reversal where it is merely cumulative of other evidence that is properly admitted. *McClain v. State,* 675 N.E.2d 329, 331 (Ind.1996). Here, the victim's statements were corroborated by her testimony at trial. Additionally, the testimony of the victim's relatives and the police officers are consistent with the victim's account of the incident. Therefore, even if the officer's testimony had been improperly admitted, the error was harmless. We find the trial court properly admitted the testimony of the police officer pursuant to Evid. R. 803(2).

### B. Statement of Defendant

Lieberenz gave statements to the police on January 2, 1997 and on March 17, 1998. Here, he claims that the trial court erred by refusing to admit into evidence the January statement after the State was permitted to introduce a portion of the March statement that referred to the January statement. Lieberenz argues that, pursuant to Ind. Evidence Rule 106, the trial court should have admitted his January statement.

As we previously stated, the admission or exclusion of evidence is a matter left to

the sound discretion of the trial court, and a reviewing court will reverse only upon an abuse of that discretion. *Johnson*, 671 N.E.2d at 1205.

At trial, the State filed a motion in limine to exclude Lieberenz's January statement, and the court granted the motion. The State played for the jury the recording of the March statement with portions redacted in order to eliminate any reference to the January statement. A portion of the statement reads as follows:

> Police Officer: Okay. Why don't you, but you gotta tell me the whole truth Larry [Lieberenz], it's very important no matter if it even looks bad on you. Because, well hold on, cause we got the medical evidence, we have all that, so it has to be consistent and I, I'm gonna know if and when you're lying, okay, so you need to tell me, I mean we all will cause it's gonna be on tape now. Um, *you had told me that you were over there earlier with some friends, you went to the bar drinking that night and then you told me later you really couldn't remember what happened,* you didn't go back to there though. Now, now you're telling me that you did go back. Why don't you take me back to how you drove to the house, what you drove and what happened next. And just go nice and slow.

(R. 429) (emphasis added). After the jury heard the statement, the following colloquy occurred upon cross-examination of the police officer by defense counsel:

> DEFENSE COUNSEL: I call your attention to page two of that statement. As played before the jury and I want to read what you said . . .
>
> * * * * * * *
>
> DEFENSE COUNSEL: Page two. Starting right there. Could you read that sentence, please?
>
> POLICE OFFICER: "Um, you told me that you were over there earlier with some friends, you went to the bar drinking that night and then you told me later

you really couldn't remember what had happened," Further?

> DEFENSE COUNSEL: Correct.
>
> POLICE OFFICER: "you didn't go back there though. Now" . . .
>
> DEFENSE COUNSEL: That's enough.
>
> POLICE OFFICER: Okay.
>
> DEFENSE COUNSEL: Him talking about being with his friends and going back there. That's no place in this statement prior to you making that. Is that correct? You can look at the first page of the statement.
>
> POLICE OFFICER: I don't believe so.
>
> DEFENSE COUNSEL: And, then in the, uh, statement that you previously said that he had spoke to you, you had made the statement about what had happened. You said that is basically all he had said. Is that right?
>
> POLICE OFFICER: Yes.
>
> DEFENSE COUNSEL: What statement are you referring to then in that sentence?
>
> POLICE OFFICER: I had spoken to him before.
>
> DEFENSE COUNSEL: Ah. When had you spoken to him?
>
> * * * * * * *
>
> POLICE OFFICER: January 2, 1997.
>
> DEFENSE COUNSEL: So, you made reference in this statement, questions you were asking about information provided in that earlier statement. Is that correct, sir?
>
> POLICE OFFICER: Yes.

(R. 448–50). Defense counsel then moved the court for admission of Lieberenz's January statement based upon the police officer's testimony and counsel's interpretation of Evid. R. 106. The court denied counsel's request and re-affirmed its grant of the State's motion in limine.

■ Evid. R. 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part

or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it.

Evid. R. 106 is designed to avoid misleading impressions caused by taking a statement out of its proper context or otherwise conveying a distorted picture by the introduction of only selective parts. *See* 13B R. Miller, Jr., Indiana Practice § 106 at 23 (Supp.1998). The rule may be invoked to admit omitted portions of a statement in order to (1) explain the admitted portion; (2) place the admitted portion in context; (3) avoid misleading the trier of fact; or (4) insure a fair and impartial understanding of the admitted portion. *Id.* However, a court need not admit the remainder of the statement, or portions thereof, that are neither explanatory of nor relevant to the portions already introduced. *Id.*

■ In the present case, the italicized portion of Lieberenz's March statement neither creates confusion nor misleads the jury. An analysis of the four factors leading to the use of Evid. R. 106 reveals that none of them apply in this situation. This portion of Lieberenz's statement needs no further explanation. Prior to the introduction of Lieberenz's March statement, the police officer testified that he had spoken with Lieberenz in a room at the jail. At that time, Lieberenz confessed to raping the victim. Upon hearing this confession, the police officer left the room to obtain a tape recorder, and the recording he made is the recording of Lieberenz's March statement that the jury heard at trial. Based upon the officer's testimony, the jury could easily have inferred that the references to "you had told me" and "you told me later" in the portion of the March statement set out above were to the discussion Lieberenz had with the officer before the recording was made that day.[2] In

fact, Lieberenz invited the alleged error through his questioning of the police officer on cross-examination. This line of questioning was pursued in order to elicit a response from the police officer regarding the fact that a prior statement was made by Lieberenz. Had this strategy not been employed, the jury would never have known about Lieberenz's January statement. Lieberenz cannot invite error and then be heard to complain of the alleged error on appeal. *See Cuto v. State,* 709 N.E.2d 356, 361 (Ind.Ct.App.1999). Thus, we conclude that Evid. R. 106 does not mandate the introduction of Lieberenz's January statement in this case and that the trial court acted within its discretion in excluding the statement.

### III. SENTENCING

■ Finally, Lieberenz asserts that his sentence is manifestly unreasonable because, based upon its length, it provides no opportunity for rehabilitation and reformation.

■ Sentencing is a determination within the sound discretion of the trial court. *Dixon v. State,* 685 N.E.2d 715, 717 (Ind.Ct.App.1997). We will not revise a sentence that is authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B); *Utley v. State,* 699 N.E.2d 723, 729–30 (Ind.Ct.App.1998), *trans. denied,* 706 N.E.2d 176.

Lieberenz was found guilty of rape, dealing cocaine and conspiracy to deal cocaine, as well as being adjudged an habitual offender. The trial court sentenced Lieberenz to serve fifty years for the rape conviction, forty-five years for the dealing cocaine conviction, and forty years for the

---

2. In his brief, Lieberenz asserts that the jury could not have inferred this reference because defense counsel questioned the police officer as to the exact content of Lieberenz's statement prior to the recording being made. He argues that a detailed explanation was not provided by Lieberenz until his statement was

recorded. However, our review of the record reveals that counsel's questioning of the officer regarding the content of Lieberenz's statement prior to the making of the recording was not clear. As such, this type of inference by the jury cannot be ruled out as Lieberenz suggests.

conspiracy to deal cocaine conviction, enhanced by thirty years for the habitual offender finding. The court ordered the sentences for the drug convictions to be served concurrently to each other but consecutively to the sentence for the rape conviction and the habitual offender enhancement. Thus, Lieberenz was sentenced to a total of 125 years.

The sentences imposed upon Lieberenz are all within the realm of a statutorily authorized sentence for Class A felonies, as well as the authorized enhancement for an habitual offender finding. *See* Ind. Code §§ 35–50–2–4 and 35–50–2–8. Therefore, we now turn to whether Lieberenz's aggregate sentence is manifestly unreasonable in light of the nature of the offenses and the character of the offender.

Lieberenz entered the home of a friend in the middle of the night when he knew the friend would be at work. He then threatened his friend's wife and forced her to engage in sexual acts with him, including intercourse, while her two year old son was sleeping in the next room. Approximately a year later, Lieberenz sold cocaine to a confidential informant in a residence less than 1,000 feet from a local school.

In its sentencing statement, the trial court found Lieberenz's lengthy criminal history, including a previous prison term, and his need for rehabilitative treatment best provided by a penal facility to be aggravating factors. The court cited the potential financial hardship of Lieberenz's family as a mitigating factor and found that the aggravating circumstances outweighed the mitigating circumstances. Based upon the nature of the offenses and Lieberenz's character, we conclude that his sentence is not manifestly unreasonable.[3]

### CONCLUSION

Based upon the foregoing, we conclude that Lieberenz did not receive a proper advisement of his right to a jury trial with regard to the determination of his habitual offender status; that the trial court properly admitted into evidence the police officer's testimony of the victim's statement pursuant to Evid. R. 803(2); that the trial court acted within its discretion by refusing to admit into evidence Lieberenz's January statement; and that Lieberenz's sentence is not manifestly unreasonable.

Affirmed in part, and reversed and remanded in part with instructions to hold a jury trial on the habitual offender claim or for a plea to that claim with the proper advisements.[4]

GARRARD, J., and BAILEY, J., concur.

---

**3.** In coming to this conclusion, we realize that the thirty year enhancement on the habitual offender adjudication is vacated based upon our decision in Issue I, above. Nevertheless, we make this determination on the entire sentence imposed, including the thirty year enhancement.

**4.** Lieberenz's request for oral argument is denied.