**Mary L. SMITH, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–9906–CR–239.**

Court of Appeals of Indiana.

Dec. 2, 1999.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Mary L. Smith was convicted of aiding a theft,[1] a Class D felony. On appeal, Smith raises the following issues for review: (1) whether the trial court erred when it allowed a witness to read his own report into evidence as a recorded recollection; and (2) whether there was sufficient evidence as a matter of law to sustain Smith's conviction for aiding a theft.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment are as follows. In 1992, Deborah A. Townes and Chad DeWitt were loss prevention officers employed by a Sears store in Fort Wayne. On May 20, 1992, while monitoring the store's closed-circuit television, Townes and DeWitt observed Smith and three other individuals separately approach the jewelry counter.

At trial, two surveillance video tapes were introduced into evidence that showed the position and activities of the four individuals while at the jewelry counter. These video tapes showed Smith on one side of the square counter and a male directly opposite her. The video tapes and testimony of DeWitt and Townes revealed that Smith began to speak with the jewelry clerk while the man opposite Smith removed a tray of the store's most expensive jewelry. *Record* at 78. The man then looked around and left the store with the jewelry tray under a coat thrown over his sleeve. Townes testified at trial that

Smith followed the man as he exited the store.

Outside the store, DeWitt confronted the man. The man threw down both his coat and the jewelry tray and began to run. DeWitt's report stated that DeWitt:

grabbed [the man's] shirt and was holding on when [the man] swung around and hit [DeWitt] in the mouth. The male['s] ... shirt began to tear when the female [Smith] ... came between [them]. The shirt then tore loose and the male ... began to run again. To get to him [DeWitt] had to pass around the female [Smith] ... who was shouting about what [DeWitt] wanted with him and that [the man] didn't do anything. She said also that [DeWitt] had [his] stuff back so what did [DeWitt] need with [the man]....

*Record* at 78–79. The male suspect fled in an automobile driven by unidentified individuals. Smith neither called to the vehicle to pick her up nor ran from the scene. The male suspect was not apprehended.

## DISCUSSION AND DECISION

### I.

Smith alleges that the trial court erred in allowing, over her timely hearsay objection, the reading of the security report by Chad DeWitt. The court allowed the reading of the report pursuant to Indiana Rule of Evidence 803(5).[2] The trial court did not allow the report itself to be admitted as an exhibit.

The Rules of Evidence provide for a three-tiered approach: (1) the unaided tes-

---

1. *See* IC 35–41–2–4 and IC 35–43–4–2(a).

2. Although the offense occurred in 1992, the court correctly used Evidence Rule 803(5), effective January 1, 1994, during the 1999 trial. Rule 803 provides in pertinent part:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness.
 ...
 (5) Recorded Recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

timony of a witness is preferred; (2) if the unaided testimony is not available, the law prefers refreshed recollection; and (3) if the witness's recollection cannot be revived, "the recorded recollection exception to the hearsay rule may be available to admit the document which contains the witness's prior knowledge of the facts in question." GLEN WEISSENBERGER, INDIANA EVIDENCE 1995 COURTROOM MANUAL, at 137. Smith does not argue that DeWitt had sufficient memory to testify about events that happened seven years before. Instead, Smith argues that the use of the recorded recollection "exception is only appropriate where a document fails to revive the recollection of a witness. Consequently, the proper foundation for the use of this exception must comprehend the technique of refreshing recollection." *Appellant's Brief* at 8.

DeWitt wrote his report shortly after the events of May 20, 1992. During his testimony, DeWitt was shown the report and asked whether he could "recollect with sufficient clarity the events that happened in 1992." *Record* at 76. DeWitt testified that he could "recall certain parts of the events. Some of them [he] could not." *Id.* It was on this basis that the trial court allowed DeWitt's report to be read into the record pursuant to Evidence Rule 803(5).

Smith states that DeWitt's memory had to be "completely exhausted and must not be capable of being refreshed by further review of the document before the document itself is admissible." *Appellant's Brief* at 9. Under the Indiana Rules of Evidence adopted by the Supreme Court in 1994, Rule 803(5) is "somewhat broader than Indiana's earlier 'past recollection recorded' exception." 13 R. MILLER, INDIANA PRACTICE § 803.105, at 630 (1995). "Earlier Indiana law required that the witness be shown to have no present knowledge of the pertinent information." *Id.* (citing *Blinn v. State*, 487 N.E.2d 462, 465–66 (Ind.Ct.App.1986)). Under the new rule, a

"witness need not be shown to be completely without present memory; he need only be shown to have 'insufficient recollection to enable the witness to testify fully and accurately.'" *Id.* at 630–31 (quoting *State v. Thompson*, 397 N.W.2d 679, 682 (Iowa 1986)). "Whether the witness lacks sufficient recollection is a question for the trial judge ... and rests within the trial court's discretion." 13 INDIANA PRACTICE, at 631. Complete exhaustion of DeWitt's memory was not required. His statement that he could not remember some events was enough for the court to find that DeWitt's memory could not be sufficiently refreshed to testify fully and accurately.

DeWitt's report also satisfied the requirements of Rule 803(5) because the report (1) related to a matter about which DeWitt once had knowledge, (2) he had insufficient recollection at trial to enable him to testify fully and accurately, (3) DeWitt made the report (4) when the matter was fresh in his mind, and (5) the report reflected DeWitt's knowledge correctly. It was not error for the court to admit the contents of DeWitt's report as a recorded recollection.

## II.

 Smith alleges that there was insufficient evidence as a matter of law to sustain her conviction for aiding a theft. In reviewing claims of insufficient evidence, our court neither reweighs the evidence nor judges the credibility of witnesses. *Guffey v. State*, 705 N.E.2d 205, 208 (Ind.Ct.App.1999). We consider only the evidence supporting the judgment and all the reasonable inferences drawn therefrom. *Elliott v. State*, 690 N.E.2d 774, 776 (Ind.Ct.App.1998). If each element of the crime is supported by substantial evidence, we will affirm. *Id.*

 To convict Smith of aiding a theft, the State had to prove beyond a reasonable doubt that, under IC 35–43–4–2(a)[3]

---

3. IC 35–43–4–2 provides in pertinent part:

(a) A person who knowingly or intentionally exerts unauthorized control over proper-

and IC 35–41–2–4,[4] Smith: (1) knowingly or intentionally (2) aided another person to (3) exert unauthorized control (4) over the property of Sears (5) with intent to deprive Sears of any part of its value or use.[5]

 The State presented evidence by testimony and video tape that Smith came into the store with three other individuals, she engaged the clerk in conversation while a man across from her took one of Sears' more expensive trays of jewelry, she followed the male suspect outside (beyond all points where the male could have paid), and she interfered with DeWitt while he was trying to apprehend the suspect. DeWitt's report revealed that De-Witt grabbed the suspect's shirt and was holding on when Smith came between them. The shirt then tore loose, the male suspect began to run, and DeWitt had to go around Smith to chase the suspect. Smith began to yell at DeWitt asking what he wanted with the male suspect, saying that the man had done nothing, and pointing out that DeWitt now had his "stuff back." *Record* at 79.

After viewing the video tapes and listening to the testimony of the witnesses, the trial judge found that Smith "definitely assisted the unknown, unnamed thief outside by interfering with DeWitt's efforts to arrest that individual, by placing herself between the thief and the security officer and by further making statements that would indicate a knowledge on her part of what that thief was doing. Her knowledge of him and what he was doing [sic]." *Record* at 90. The judge considered all of the evidence and found that Smith aided the male suspect in the theft. Our court will not reweigh the evidence or judge the credibility of the witnesses. "It is not necessary that we find the evidence excludes every reasonable hypothesis of innocence." *Wilson v. State*, 455 N.E.2d 1120, 1122 (Ind.1983). Considering the evidence heard by the trial judge and all reasonable inferences drawn therefrom, we find that each element of the crime was supported by substantial evidence.

Affirmed.

SHARPNACK, C.J., and RILEY, J., concur.

---

4. IC 35–41–2–4 provides:
A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) has not been prosecuted for the offense;
(2) has not been convicted of the offense; or
(3) has been acquitted of the offense.

ty of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony. However, the offense is a Class C felony if the fair market value of the property is at least one hundred thousand dollars ($100,000).

5. IC 35–41–2–3 and IC 35–43–4–2 have not been amended since 1992, the year the offense was committed.