## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2019, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Philip R. Skodinski<br>South Bend, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Quintein S. Walker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 28, 2019<br><br>Court of Appeals Case No.<br>71A03-1708-CR-1837<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable John M. Marnocha, Judge<br><br>Trial Court Cause No.<br>71D02-1610-F1-18 |

**May, Judge.**

[1] Quintein S. Walker appeals his conviction of Level 1 felony child molestation.[1] Walker argues the evidence was insufficient to convict him and the trial court abused its discretion and violated his constitutional right to cross-examine a witness by not allowing testimony regarding his victim's previous sexual encounters. We affirm.

## Facts and Procedural History

[2] In October 2016, Walker was living with his girlfriend Chandra Jackson and her six children. On October 8, 2016, Jackson and Walker were watching movies in their bedroom. Two of Jackson's children, N.J. and Z.J., were watching movies with them. Walker and Jackson had both mattresses in the room pushed together and were lying with the children. N.J., who was eight, was lying between Walker and Z.J. Jackson and Z.J. both fell asleep. While they were asleep, Walker pushed N.J. "towards his balls" and "made [her] suck them." (Tr. Vol. II at 47-49.) Walker also touched N.J.'s butt and put his fingers in her vagina. Walker told N.J. he would hit her if she told anyone.

[3] Jackson woke up when she felt Walker's arm moving as if he were masturbating. Jackson said Walker was still watching the same movie that Jackson had fallen asleep to. When Jackson began to move, Walker moved closer to her and adjusted his pants. Jackson turned on the lights and told the

---

[1] Ind. Code § 35-42-4-3 (2015).

children to leave. Jackson noticed N.J. was still under the covers. When Jackson pulled back the covers, N.J. was "facing [Walker's] private area." (Tr. Vol. II at 25.) As N.J. left the room, Jackson saw her adjusting her underwear. After asking N.J. what happened, Jackson and N.J. confronted Walker, who immediately got angry.

[4] Walker left the house, and Jackson took N.J. to the hospital. The doctor observed evidence of irritation on the inside of N.J.'s vagina. The doctor explained the irregularities were uncommon for someone N.J.'s age. The injuries were consistent with finger penetration. A DNA test of material found on N.J.'s underwear revealed male DNA, but there was not enough to determine whose it was.

[5] At trial, Walker's attorneys wanted to question N.J. about her sexual knowledge and about prior sexual encounters she had had with her cousins and brother. After a brief hearing away from the jury, the trial court decided to not allow questioning regarding those matters. Walker was convicted of one count of Level 1 felony child molesting and sentenced to thirty-years.

# Discussion and Decision

# Sufficient Evidence

[6] Walker argues the evidence is insufficient to support his conviction.[2] When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*. at 126 (internal citation omitted).

[7] To prove Walker committed Level 1 felony child molesting, the State had to present sufficient evidence that (1) Walker, (2) who was over the age of twenty-one, (3) with a child under fourteen years of age, (4) knowingly or intentionally performed "other sexual conduct." Ind. Code § 35-42-4-3(a)(1). "Other sexual conduct" is defined as "an act involving a sex organ of one person and the mouth or anus of another person; or the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-31.5-2-221.5.

[8] N.J. testified Walker put his finger in her vagina. Walker argues N.J.'s account is not believable because Jackson and Z.J. were both in the room. However, it is not our duty to judge the credibility of a witness or reweigh the evidence. *See McHenry*, 820 N.E.2d at 126 (stating standard of review). N.J.'s testimony,

---

[2] The Appellant's brief contained multiple spelling, grammar, and citation errors rendering it difficult to read and determine the arguments being made.

which is supported by part of Jackson's testimony and by the doctor's findings, is sufficient to support Walker's conviction. *See*, *e.g.*, *D'Paffo v. State*, 749 N.E.2d 1235, 1239 (Ind. Ct. App. 2001) (minor victim's testimony as to defendant sexually assaulting her with fingers was sufficient to support child molesting conviction), *summarily aff'd in relevant part* 778 N.E.2d 798, 803 n.2 (Ind. 2002).

## Indiana Evidence Rule 412

Walker also argues the trial court abused its discretion by not allowing Walker to cross-examine N.J. about her prior sexual experience and her sexual knowledge. Trial courts have broad discretion to determine the admissibility of evidence at trial, *Snow v. State*, 77 N.E.3d 173, 177 (Ind. 2017), and we review the trial court's decision for an abuse of discretion. *Marcum v. State*, 772 N.E.2d 998, 1000 (Ind. Ct. App. 2002). An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).

Indiana Evidence Rule 412, the Rape Shield Rule, prevents the admission of evidence offered to prove a victim or witness engaged in sexual behavior on other occasions. There are three exceptions to the Rule:

> (A) evidence of specific instances of a victim's or witness's sexual behavior, if offered to prove that someone other than the

defendant was the source of semen, injury, or other physical evidence;

(B) evidence of specific instances of a victim's or witness's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

(C) evidence whose exclusion would violate the defendant's constitutional rights.

Evid. Rule 412(b)(1).

[3] Walker wanted to use Exception (A) to question N.J. regarding prior sexual contacts with her cousins and brother. The trial court held a hearing outside the presence of the jury to determine the admissibility of the testimony. Under Exception (A), evidence of sexual behavior becomes admissible if it could prove "someone other than the defendant was the source of semen, injury, or other physical evidence[.]" *Id.* However, Walker did not argue N.J.'s cousins or brother were the source of the irritation inside her vagina, and in regard to the experiences with her cousins and brother, N.J. testified she touched them, but they did not touch her. (*See* Tr. Vol. II at 105.) As a result, the evidence could not have demonstrated someone other than Walker was the source of the physical evidence, and the trial court correctly determined the information was

not admissible under Exception (A).[3] *See Parrish v. State*, 515 N.E.2d 516, 519-520 (Ind. 1987) (trial court properly denied the defendant's request to question the child victim about prior sexual abuse because the Indiana Rape Shield statute prevents inquiry into past sexual conduct).

[4]     Additionally, under Exception (C), Walker argues his Sixth Amendment right to confront a witness was violated. At trial, Walker did not assert a constitutional argument. As a result, Walker waived this argument. *See Small v. State*, 736 N.E.2d 742, 747 (Ind. 2000) (defendant failed to raise a Confrontation Clause objection at trial and, thereby, waived the argument on appeal).

[5]     Waiver, notwithstanding Walker's right to confront N.J., was not violated. The Supreme Court has held "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness safety,

---

[3] Nor could the evidence had been admissible under Exception (B) as an eight-year-old child cannot ever give consent. *See* Evid. Rule 412(b)(1)(B) (making other sexual encounters between victim and defendant admissible "if offered by the defendant to prove consent").

or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

[6] Walker wanted to question N.J. regarding her previous sexual encounter with her cousins because, Walker alleged, that was where she learned the term "sucking balls." (Tr. Vol. II at 94.) The trial court determined this information was not relevant and would not have been effective in disproving any facts of consequence in this case. (*Id*. at 113.) "Evidence is relevant when it has 'any tendency' to prove or disprove a consequential fact." *Snow*, 77 N.E.3d at 177. We fail to see how testimony regarding where N.J. learned the term "sucking balls" could be relevant to whether inappropriate sexual contact occurred between Walker and N.J. on the night in question. At best, the evidence was only marginally relevant. The trial court did not violate Walker's constitutional right to cross-examine a witness by excluding the evidence. *See West v. State*, 755 N.E.2d 173, 185 (Ind. 2001) (trial court properly denied the cross-examination of a witness where the testimony would have been irrelevant).

# Conclusion

[7] The evidence was sufficient to convict Walker of Level 1 felony child molestation. Additionally, because Walker did not meet any of the exceptions in Indiana Evidence Rule 412, the trial court properly refused to permit Walker to question N.J. about prior sexual behavior. Finally, the trial court's denial of Walker's request to question N.J. about prior sexual behavior did not violate Walker's Sixth Amendment rights. Accordingly, we affirm.

[8] Affirmed.

Mathias, J., and Brown, J., concur.