**Jeffrey SNYDER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 73S05–9510–PC–1143.

Supreme Court of Indiana.

July 31, 1996.

Susan K. Carpenter, Public Defender of Indiana, Amy E. Karozos, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Jeffrey Snyder pled guilty to two felonies. During his sentencing hearing, the trial court conducted a bench trial on the allegation that Snyder was an habitual offender and found that he was. In this post-conviction proceeding, the Court of Appeals held that the trial court erred by failing to inform Snyder that pleading guilty to the felonies constituted a waiver of his right to a jury trial on the habitual claim. It set aside both his guilty pleas. We grant transfer solely to consider the relief ordered by the Court of Appeals. We conclude that it should have set aside the habitual offender finding only.

In 1985, Snyder stood charged with attempted murder, Ind.Code Ann. § 35–41–5–1; Ind.Code Ann. § 35–42–1–1, two counts of battery, Ind.Code Ann. § 35–42–2–1; escape, Ind.Code Ann. § 35–44–3–5; criminal recklessness, Ind.Code Ann. § 35–42–2–2; and resisting law enforcement, Ind.Code Ann. § 35–44–3–3. The State also alleged he was an habitual offender, Ind.Code Ann. § 35–

50–2–8, due to two earlier unrelated felony convictions for theft.

On September 23, 1985, Snyder agreed to plead guilty to one count of battery and one count of criminal recklessness. The habitual criminal charge was "left open" for the sentencing hearing. Charges of attempted murder, battery, escape and resisting law enforcement were dropped as part of the plea bargain.

At a guilty plea hearing on September 25, 1985, the trial court heard the factual basis for each crime he pled guilty to, except for habitual offender finding. Under the terms of the plea agreement, sentencing was left to the trial court's discretion. It was determined that evidence on that count would be offered at the sentencing hearing that was held on November 4, 1985. At the sentencing hearing, defense attorney Metzler offered neither witnesses nor questions to challenge the habitual offender finding. The trial court ordered Snyder's seven-year sentence on the battery conviction be enhanced by 30 years for the habitual offender finding. He was sentenced to four years on the criminal recklessness conviction, which was to run concurrent to the battery conviction.

In connection with the attempted jail break, he was sentenced to concurrent terms of five years for the attempted escape conviction, five years for conspiracy to commit escape and six years for the battery on a police officer conviction. Those sentences would run consecutive to the sentences from the work release center escape and confrontation with Officer Brinkman.

In his post-conviction petition, Snyder sought to vacate the felony pleas he entered in 1985. He asserted violation of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), inasmuch as the trial court took his plea without informing him that by pleading guilty to the principal felonies he was foregoing a jury trial on the habitual claim. Similarly, he argued that his plea should be set aside under *White v. State*, 497 N.E.2d 893 (Ind.

1986), in that his plea was not voluntary and intelligent in the absence of this advisement. He also argued that he received ineffective assistance of counsel. All these claims rested on the absence of an advisement and waiver of the jury trial on the habitual claim.

■ The post-conviction court denied Snyder's petition, but the Court of Appeals reversed. *Snyder v. State*, 654 N.E.2d 15 (Ind. Ct.App.1995). It held that Snyder was entitled to be informed he was waiving jury trial on both the felonies and the habitual charge before the trial court could accept his plea to the felonies and proceed to conduct a bench trial on the habitual claim.[1] The Court of Appeals appropriately resolved these questions, but it ordered a broader remedy than the impact of the error requires.

To come within our caselaw on guilty pleas, Snyder must establish that but for the failure of the trial court to advise him properly and inquire about the voluntariness of his plea and waiver of rights he would have elected to go to trial rather than plead guilty. *White*, 497 N.E.2d at 905. We have held that failure to advise of the rights under *Boykin* (trial by jury, confrontation, self-incrimination) requires reversal of a guilty plea. *Id.*

■ Snyder does not contend, however, that he did not knowingly waive his right to be tried on the two felonies to which he pled. He claims only that he would not have pled guilty to those offenses had he known that he would not have received a jury trial on the habitual claim. This is an omission that can be rectified by giving Snyder the opportunity for a jury trial on the habitual claim. He will thus stand exactly where he says he thought he would have been on the morning of his sentencing hearing—ready for his jury trial on the habitual claim. *Compare Richardson v. United States*, 577 F.2d 447 (8th Cir.1978) (where court failed to advise defendant of full range of possible sentence, reducing the sentence to length contained in the advisement is adequate relief).

---

1. It distinguished Snyder's case differed from instances in which a defender pleads guilty to both the current offenses and habitual, saying that on such occasions a trial court's advisement that the defendant was waiving jury trial on all charges would sufficiently advise a defendant as to both the instant charges and the habitual.

We grant transfer and summarily affirm the opinion of the Court of Appeals, except with respect to the relief it ordered. The judgment of the trial court is affirmed with respect to the pleas entered on the two felony counts. The habitual finding is ordered vacated. We remand the case to the trial court for a jury trial on the habitual offender claim or a plea to that claim or for other equivalent proceedings.

DeBRULER, SULLIVAN and SELBY, JJ., concur.

DICKSON, J., dissents, believing that post-conviction relief was properly denied.