**Courtney C. DIXIE, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 02S00–9904–CR–220.

Supreme Court of Indiana.

March 31, 2000.

David B. LeBeau, Deputy Public Defender, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy At-

torney General, Indianapolis, Indiana, Attorneys for Appellee.

## On Direct Appeal

DICKSON, Justice

The defendant-appellant, Courtney C. Dixie, was convicted of the murder[1] of his former girlfriend, Vickey C. Gallespie, and adjudicated a habitual offender[2] in a bench trial. The defendant appeals, claiming that he did not intelligently and voluntarily waive his right to a jury trial.

Both the United States Constitution[3] and the Indiana Constitution[4] guarantee the right to trial by jury. A criminal defendant is presumed not to waive this right unless he affirmatively acts to do so. *Poore v. State*, 681 N.E.2d 204, 207 (Ind. 1997). A defendant may waive his right if he does so personally, intelligently, and voluntarily. *Id.* at 206. A defendant's filing of a signed waiver of the right to a jury trial constitutes an affirmative act necessary for waiver in the context of a felony case and adequately reflects the defendant's personal desire to waive this right. *Id.* at 207 (citing *Kimball v. State*, 474 N.E.2d 982 (Ind.1985)). In this case, the defendant signed an agreement to waive his right to a jury trial, acknowledging that he "waive[d] his constitutional right to have this cause heard by a jury of his peers at each and every stage of the proceedings." Record at 83.

The defendant does not challenge the sufficiency of the written waiver to establish the affirmative act or his personal desire to waive the right, but argues that it was not an intelligent waiver. The defendant claims that some evidence indicated that he was unable to make strategic decisions in his own best interests, and therefore the waiver was not "the product of a will that has the capacity to understand." Brief of Defendant–Appellant at 8

(quoting *Reynolds v. State,* 703 N.E.2d 701, 704 (Ind.Ct.App.1999)). Early in the proceedings, the defendant raised the defense of insanity and underwent psychological evaluation with two independent psychologists. At a status hearing on September 25, 1998, the trial court entered an order, stating: "Based upon reports filed (from Dr. Ross, Dr. Rathbun) defendant agrees there is no need for a competency hearing, as both Doctors find him competent. Court therefore accepts Doctors reports in lieu of hearing and finds the defendant competent to stand trial." Record at 58. The reports are not included in the record. On September 28, 1998, the defendant wrote the trial court, claiming, among other things, that he had received ineffective assistance of trial counsel because his attorney "failed to give [him] counsel regarding what to say and what not to say at psychiatric examinations." Record at 59.

On October 29, 1998, defense counsel filed a notice of intent to waive the defendant's right to a jury trial and a request for a hearing on the matter. At a hearing on October 30, 1998, the trial court engaged in the following colloquy with the defendant regarding the waiver:

COURT: Okay. Mr. Dixie, based on what your attorney has told me, Sir, you do not wish to have your case decided by a jury?

THE DEFENDANT: Right.

COURT: You wish to waive jury and go to the bench . . . or to the Court.

THE DEFENDANT: Right.

COURT: Alright. You understand, Mr. Dixie, that you have an absolute constitutional right guaranteed to you by the United States as well as the Indiana State Constitution to have a jury of your peers determine your case?

THE DEFENDANT: Yes I do.

1. Ind.Code § 35–42–1–1.

2. Ind.Code § 35–50–2–8.

3. U.S. Const. amend. VI.

4. Ind Const. art. I, § 13.

COURT: And you don't wish that to occur?

THE DEFENDANT: No.

Record at 96–97.

The trial court then held a bench conference with counsel to discuss the defendant's earlier claims of ineffective assistance of his trial counsel in relation to the waiver. In this conference, defense counsel explained that the defendant's decision on the waiver was against his advice. The trial court addressed the defendant: "[Y]our attorney has indicated on the record, Mr. Dixie, that this isn't his idea to waive jury. That this is your idea.... And I want to confirm again with you, Mr. Dixie, that this is, in fact, something that you wish to do." Record at 102. The defendant responded, "Yes." Record at 102. The trial court entered a finding that the waiver was knowing, intelligent, and voluntary. Immediately before trial, the trial court again asked the defendant if he wanted to waive his right to a jury trial and have the case tried by the court, and the defendant replied affirmatively.

The defendant's claim that his decision was not the product of a will that has the capacity to understand is not supported in the record. The defendant cites to his own testimony regarding Dr. Rathbun's report to support his argument. The trial court considered the Rathbun report when it determined that the defendant was competent to stand trial, and, according to the trial court's entry, Dr. Rathbun concluded that the defendant suffered from a mood disorder, especially a persistent manic state.

Other portions of the record also support the inference that the defendant understood the proceedings and the choice that he was making. The trial court asked the defendant more than once about his intentions, and, although the defendant's responses were short, they were responsive and express his awareness of the rights at issue and his understanding of the trial court's questions. The defendant was not unfamiliar with criminal procedure. He has a significant criminal history, including two felony convictions for rape and battery, seven misdemeanor convictions, and one juvenile adjudication. *See Poore,* 681 N.E.2d at 207 ("high level of familiarity with judicial process," including five prior felony convictions, supported finding of intelligent and voluntary waiver). The defendant's familiarity with the judicial process is further evidenced by his written communication with the trial court regarding his constitutional rights, specifically the right to effective assistance of counsel, and his use of case citation to support his argument. Likewise, on several occasions, the defendant expressed his concerns to the trial court regarding his trial counsel's performance.

We find that the record provides sufficient evidence of the defendant's ability to know and understand what he was doing when he waived his right to a jury trial. The trial court did not err in determining that the defendant intelligently and voluntarily waived his right to a jury trial.

■ The defendant next claims that even if he intelligently and voluntarily waived his right to a jury trial as to the murder charge, he did not intelligently and voluntarily waive this right as to the habitual offender trial. The right to trial by jury applies to habitual offender proceedings. *See* IND.CODE § 35–50–2–8. The defendant argues, based upon *Snyder v. State,* 668 N.E.2d 1214 (Ind.1996), that because the record is silent as to any advisement of the right to a jury trial in the habitual offender phase, he is entitled to a new habitual offender phase. In *Snyder,* we addressed the advisement of rights required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when a criminal defendant pleads guilty, including an advisement that the defendant is waiving his right to a jury trial at the habitual offender phase. *Snyder,* 668 N.E.2d at 1215–16. The defendant in this case did not plead guilty, and the requirements of advisement under *Boykin* and *Snyder* are not at issue.

Here, the defendant was charged in a multi-count information with murder (count I, part I), being a habitual offender (count I, part II), battery (count II, parts I and II), and being a habitual offender (count II, part III). On more than one occasion before the trial, the defendant waived his right to a jury trial, including in a written agreement that encompassed all proceedings within the cause, which was signed by the defendant and his attorney. At the same pre-trial proceeding in which the defendant was asked for a second time whether he wanted to waive his right to a jury trial, the State dismissed count II, in all three parts, and stated that it was ready to proceed on count I, parts I and II. In accepting the dismissal, the trial court stated that the trial would proceed on count I, part I, and, if a habitual offender proceeding was necessary, it would be conducted in a bifurcated proceeding.

The trial court did not err in accepting the defendant's written and oral waivers of his right to a jury trial as to all proceedings within the cause, including the habitual offender phase.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.