**Larry PRYOR, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–1005–CR–556.**

Court of Appeals of Indiana.

April 6, 2011.

Publication Ordered May 19, 2011.

---

Cara Schaefer Wieneke, Wieneke Law Office, LLC, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney

General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Larry Pryor appeals his adjudication as a habitual offender. He was found to be a habitual offender after being found guilty of burglary, theft, and possession of paraphernalia. Before trial, Pryor waived his jury trial rights and requested a bench trial. The trial court advised Pryor of his right to a jury trial in the "case" but did not provide an explicit advisement of his rights during the habitual offender phase. Pryor argues that his advisement was deficient and his waiver invalid. We conclude that the trial court's advisement contemplated all stages of Pryor's proceedings including the habitual offender determination. We therefore find that the advisement was sufficient and that Pryor's waiver was effective. We affirm.

### Facts and Procedural History

In July 2009, the State charged Pryor with, among other things, Class C felony burglary, Class D felony theft, and Class A misdemeanor possession of paraphernalia.

On October 6, 2009, the State filed a "NOTICE OF FILING HABITUAL OFFENDER." The trial court convened a habitual offender hearing on November 10, and on December 1, the State filed a habitual offender information alleging that Pryor had accumulated three prior, unrelated felony convictions.

Also on December 1, Pryor executed a written "WAIVER OF TRIAL BY JURY" which stated:

1. The defendant understands that a jury trial consists of twelve (12) fair and impartial members of the community selected to sit and listen to the evidence presented in this case and decide whether the defendant is innocent or guilty of the crimes charged.

2. The defendant understands that if accepted by the Court, the waiver of jury trial means that a Judge and not a jury would sit and hear the evidence in this case.

3. The defendant hereby freely and voluntarily waives the right to a trial by jury and asks that this case be set for trial by the Court without intervention of a jury.

Appellant's App. p. 39. The trial court received Pryor's written waiver on December 1 and questioned him as follows:

THE COURT: Okay. Mr. Pryor, you're here for your pre-trial conference. We have a jury set for tomorrow, and your attorney has given me a document that says that you don't want a jury trial, you want a judge to hear your case. Is that right?

MR. PRYOR: Correct.

THE COURT: Okay. Can you raise your hand for me?

(DEFENDANT IS SWORN BY THE COURT)

THE COURT: Okay, Mr. Pryor, how old are you?

MR. PRYOR: Fifty-three.

THE COURT: Fifty-three. And how far did you go in school, Mr. Pryor?

MR. PRYOR: No more than seventh or eighth grade.

THE COURT: Okay.

MR. PRYOR: I was in special ed.

THE COURT: I'm sorry?

MR. PRYOR: Special ed. Afterward.

THE COURT: Okay. Do you read and write okay?

MR. PRYOR: Yes, sir.

THE COURT: I mean, could you read this, this, or—

MR. PRYOR: Yes, sir.

THE COURT: —did you have to have—

MR. PRYOR: Yes, sir.

THE COURT: —to have Mr.—

MR. PRYOR: Yes, sir.

THE COURT: Okay. And did you understand everything that was in this document?

MR. PRYOR: Yes. It was explained to me.

THE COURT: Okay. And you understand that you have an absolute right to have a jury hear your case.

MR. PRYOR: Correct.

THE COURT: And a jury is twelve people from the community, and you help pick and choose them.

MR. PRYOR: Correct.

THE COURT: And it's, they have to decide whether the State can prove this case beyond a reasonable doubt or not. You understand that's what a jury does?

MR. PRYOR: (No audible response).

THE COURT: Are you, do you understand?

MR. PRYOR: (No audible response).

THE COURT: I, I see your head going up and down, but I need—

MR. PRYOR: Yes, sir, Judge.

THE COURT: All right. And when you waive trial by jury you're actually giving that right up and you're saying, I don't want a jury, I want a judge to hear my case.

MR. PRYOR: Correct.

THE COURT: Is that what you wish to do?

MR. PRYOR: Correct.

THE COURT: Okay. And State consents?

MR. McCOOL: Yes, Your Honor.

THE COURT: Are we going to try this tomorrow, gentlemen, as a, as a court trial, or what are we—

MR. JEZIORSKI: It's—

MR. McCOOL: That's fine.

MR. JEZIORSKI: We discussed previously with Commissioner Marchal that we could do this tomorrow. I have a court trial set at 8:45 or 9:00 tomorrow morning, and we would do this one after that in the morning.

THE COURT: Okay. All right. So, Mr. Pryor, we're going to, we're going to leave this set for trial tomorrow, but we're not going to do it with a jury, we'll do it with the Commissioner, okay?

MR. PRYOR: (No audible response).

THE COURT: So we'll have you back here tomorrow and we'll do your trial tomorrow, all right?

MR. PRYOR: All right.

THE COURT: All right. Have a good day.

Tr. p. 82–85.

Pryor was tried to the bench and found guilty of burglary, theft, and possession of paraphernalia. In a separate phase of trial, the court found him to be a habitual offender. The trial court sentenced Pryor on December 17, 2009, to an aggregate term of seventeen years.

Pryor apparently filed a pro se notice of appeal sometime in February 2010. The trial court notified Pryor that his notice of appeal was untimely. On March 9, Pryor submitted a petition to file a belated notice of appeal. The petition was granted the following day without a hearing. On March 30, appellate counsel requested a hearing just to make a record on the circumstances of Pryor's late filing. The trial court held a hearing on April 22, after which the court issued an "ORDER GRANTING BELATED NOTICE OF

APPEAL." Pryor filed his belated notice of appeal on May 19, 2010.

## Discussion and Decision

Pryor claims that his jury trial waiver was invalid as to the habitual offender count. He argues that he was insufficiently advised that by waiving his right to a jury trial on the charged offenses, he also waived his right to a jury trial on the habitual offender determination. The State cross-appeals, claiming that this Court lacks jurisdiction over Pryor's appeal due to his failure to timely file.

### I. Timeliness of Appeal

The State claims we lack subject-matter jurisdiction due to Pryor's failure to timely file a notice of appeal.

Ordinarily, an appeal is initiated by filing a notice of appeal within thirty days after the entry of a final judgment. Ind. Appellate Rule 9(A)(1); *Davis v. State*, 771 N.E.2d 647, 648 (Ind.2002). Unless the notice of appeal is timely filed, the right of appeal shall be forfeited except as provided by Post–Conviction Rule 2. App. R. 9(A)(5); *Davis*, 771 N.E.2d at 648.

Post–Conviction Rule 2 provides that an eligible defendant may petition for permission to file a belated notice of appeal if (1) the defendant failed to file a timely notice of appeal, (2) the failure to timely file was not his fault, and (3) the defendant has been diligent in requesting permission to file his belated notice of appeal. Ind. Post–Conviction Rule 2(1)(a); *Dawson v. State*, 938 N.E.2d 841, 843 (Ind.Ct.App. 2010). If the trial court is satisfied that those criteria are met, it shall permit the defendant to file a belated notice of appeal. P–C.R. 2(1)(c); *Ashby v. State*, 904 N.E.2d 361, 362 n. 4 (Ind.Ct.App.2009). Where the defendant's petition for permission to file a belated notice of appeal does not include a proposed notice of appeal as an exhibit, the time for filing the notice of appeal is governed by Appellate Rule 9(A). P–C.R. 2(1)(f)(2). That is, the defendant has thirty days to file the notice. *See* App. R. 9(A)(1).

■ We conclude that Pryor's belated notice of appeal was timely filed pursuant to Post–Conviction Rule 2(1)(f)(2). Pryor initially failed to file a notice of appeal within thirty days of the entry of final judgment. On March 9, 2010, Pryor submitted a petition to file a belated notice. Although the trial court granted Pryor's petition as early as March 10, the trial court subsequently convened a hearing on the petition at the request of appellate counsel. The trial court then issued another official order as late as April 22, 2010, granting Pryor permission to file a belated notice of appeal. Pryor filed his notice twenty-seven days later on May 19, 2010. We find that Pryor's notice of appeal was filed within the applicable thirty-day window and was thus timely submitted. Accordingly, we conclude that this Court has subject-matter jurisdiction over Pryor's appeal.

### II. Validity of Jury Trial Waiver

■ Pryor claims that his jury trial waiver was invalid because he was not advised that a jury trial waiver on the charged offenses also constituted a waiver on his habitual offender determination.

■ The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." Article 1, Section 13 of the Indiana Constitution likewise provides that "[i]n all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury. . . ." The United States and Indiana Constitutions guarantee the right to trial by jury, *Poore v. State*, 681 N.E.2d 204, 206 (Ind. 1997), and that right applies to habitual

offender proceedings, *Gonzalez v. State*, 757 N.E.2d 202, 204–05 (Ind.Ct.App.2001), *trans. denied; see also* Ind.Code § 35–50–2–8(f).

 A defendant is presumed not to waive his jury trial right unless he affirmatively acts to do so. *Poore*, 681 N.E.2d at 207. It is fundamental error to deny a defendant a jury trial unless there is evidence of a knowing, voluntary, and intelligent waiver of the right. *Reynolds v. State*, 703 N.E.2d 701, 704 (Ind.Ct.App. 1999). "The defendant must express his personal desire to waive a jury trial and such a personal desire must be apparent from the court's record," *Poore*, 681 N.E.2d at 206, whether in the form of a written waiver or a colloquy in open court, *see Good v. State*, 267 Ind. 29, 32, 366 N.E.2d 1169, 1171 (1977).

Pryor cites *Snyder v. State*, 654 N.E.2d 15 (Ind.Ct.App.1995), *summarily aff'd in relevant part*, 668 N.E.2d 1214 (Ind.1996), to support his contention that his jury trial waiver was ineffective as to his habitual offender determination. In *Snyder*, the defendant was charged with, among other things, criminal recklessness and battery, and he was also alleged to be a habitual offender. 654 N.E.2d at 16. The defendant entered an agreement in which he pled guilty to criminal recklessness and battery while the habitual offender allegation remained pending. *Id.* When accepting the defendant's plea, the trial court informed the defendant that he was waiving his right to a jury trial on the charges of criminal recklessness and battery. *Id.* at 17. The trial court later adjudicated the defendant a habitual offender following a hearing, and the defendant was sentenced accordingly. *Id.* The defendant sought post-conviction relief. *Id.* He argued that his plea was invalid because he was not advised that by pleading guilty to the two principal offenses, he waived his right to a jury determination of habitual offender status. *Id.* We agreed. *Id.* at 20. We held that "Snyder was entitled to be informed or otherwise made aware this his guilty plea to the underlying offenses waived his right to a jury trial on the pending habitual offender allegation." *Id.* Our Supreme Court summarily affirmed the holding. 668 N.E.2d at 1216; *see also Lieberenz v. State*, 717 N.E.2d 1242, 1244 (Ind.Ct.App.1999) (defendant admitting to habitual offender status following jury conviction is entitled to advisement of jury trial rights on habitual offender phase).

We believe, however, that Pryor's case is more like *Dixie v. State*, 726 N.E.2d 257 (Ind.2000). In *Dixie*, the defendant was charged with murder and was alleged to be a habitual offender. *Id.* at 258. The defendant waived his jury trial rights in favor of a bench trial. *Id.* The defendant signed a waiver acknowledging that he "waive[d] his constitutional right to have this cause heard by a jury of his peers at each and every stage of the proceedings." *Id.* The trial court asked the defendant, "Sir, you do not wish to have your case decided by a jury?" *Id.* The defendant responded, "Right." *Id.* The court further asked, "You understand, Mr. Dixie, that you have an absolute constitutional right guaranteed to you by the United States as well as the Indiana State Constitution to have a jury of your peers determine your case?" *Id.* The defendant answered affirmatively. *Id.* The defendant was convicted following a bench trial and adjudicated a habitual offender. *Id.* On appeal he claimed that his jury trial waiver was involuntary and unintelligent. *Id.* He argued that like the defendant in *Snyder*, he was not advised specifically of his right to a jury trial in the habitual offender phase. *Id.* at 259. Our Supreme Court disagreed and found the waiver effective. *Id.* at 259–60. The Court explained that the defen-

dant's advisement and waiver of jury trial rights "encompassed all proceedings within the cause." *Id.* at 260. The trial court thus did not err in accepting the defendant's written and oral waivers as to all proceedings including the habitual offender phase. *Id.; cf. Jones v. State*, 810 N.E.2d 777, 779–80 (Ind.Ct.App.2004) (if habitual offender count is not filed until after defendant's jury trial waiver, then waiver is not effective as to habitual offender phase); *O'Connor v. State*, 796 N.E.2d 1230, 1234–35 (Ind.Ct.App.2003) (same).

Here, Pryor executed a waiver acknowledging his right to have a jury hear "this case" and asking that "this case" be set for trial by the court. Pryor affirmed to the court that he understood his right to have a jury hear his "case" and that he wanted a judge to hear the "case" instead. At the time of the waiver submission and colloquy, the State had filed all charges including the habitual offender count. The court had also convened a hearing on the State's notice of filing a habitual offender charge. Pryor was thus aware that his "case" included a habitual offender allegation and, upon conviction, would involve a habitual offender status determination. We understand Pryor's advisement to be more comprehensive than that provided in *Snyder* and more akin to that addressed in *Dixie*. The advisement's application to Pryor's "case" sufficed to encompass all stages of the proceedings including the habitual offender phase. We therefore cannot say that Pryor's advisement was deficient nor that his jury trial waiver was involuntary, unknowing, or unintelligent.

Affirmed.

BAKER, J., and BARNES, J., concur.

### ORDER

On April 6, 2011, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication Memorandum Decision. The Appellant, by counsel, has filed a Motion to Publish Not for Publication Memorandum Decision.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish is GRANTED and this Court's opinion heretofore handed down in this cause on April 6, 2011, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

BAKER, VAIDIK, BARNES, JJ., concur.