**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**TROY PHILLIPS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TROY PHILLIPS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1203-PC-152 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate
Cause Nos. 49G01-0302-PC-31230, 49G01-0303-PC-33004, 49G01-0304-PC-52315

**November 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Troy Phillips, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief. Phillips raises one issue which we revise and restate as whether the post-conviction court erred in denying his petition for relief. We affirm.

The relevant facts follow. On December 16, 2003, Phillips entered into a plea agreement with the State relating to three cause numbers. Phillips pled guilty in cause number 49G01-0302-FB-031230 ("Cause No. 230") to two counts of robbery as class B felonies, possession of a firearm by a serious violent felon as a class B felony, and being an habitual offender. Phillips pled guilty in cause number 49G01-0303-FB-033004 ("Cause No. 4") to robbery as a class B felony and robbery as a class C felony. Phillips also pled guilty in cause number 49G01-0304-FC-052315 ("Cause No. 315") to robbery as a class C felony.

The signed plea agreement stated in part: "The defendant understands and acknowledges by his/her initials that if this agreement is accepted by the Court, the defendant will give up the following rights . . . the right to a public and speedy trial by jury." Petitioner's Exhibit A. The initials "TP" are handwritten next to this statement. Id. The agreement also stated: "The defendant further acknowledges that entry of a guilty plea pursuant to this agreement constitutes an admission of the truth of all facts alleged in the charge or counts to which the defendant pleads guilty and that entry of the guilty plea will result in a conviction on those charges or counts." Id.

That same day, the court held a hearing and Phillips indicated that he had reviewed the plea agreement with his attorney, understood the agreement, and signed the agreement. The court referred to the plea agreement and asked Phillips: "I'm assuming

2

from the way that's written – and that you're gonna admit that you're a habitual offender," and Phillips stated: "Yes, ma'am." Petitioner's Exhibit B at 7. The following exchange also occurred:

> THE COURT: . . . Let's go to paragraph 7 to go over the Constitutional rights you're giving up as a result of entering this plea of guilty. You do have a right to a public and speedy trial by jury. However, by entering this plea of guilty, you're giving up that right. Do you understand that, sir?
>
> [Phillips]: Yes, ma'am.

Id. at 12-13. The court also explained the sentencing implications for the habitual offender allegation, and Phillips indicated that he understood. The court took Phillips's pleas under advisement.

On January 16, 2004, the court held a hearing and accepted Phillips's plea agreement. In Cause No. 230, the court sentenced Phillips to twenty years each for the two convictions of robbery as class B felonies and for possession of a firearm by a serious violent felon as a class B felony. The court observed that Phillips had "also plead guilty to being a habitual criminal" and enhanced one of the robbery sentences by twenty years. Id. at 57. The court ordered that the sentences be served concurrent with each other for an aggregate sentence of forty years in Cause No. 230. In Cause No. 4, the court sentenced Phillips to twenty years for robbery as a class B felony and eight years for robbery as a class C felony. In Cause No. 315, the court sentenced Phillips to eight years for robbery as a class C felony. The court ordered that the various sentences under the three cause numbers be served concurrent with each other for an aggregate sentence of forty years.

3

On January 19, 2011, Phillips filed an amended petition for post-conviction relief in which he challenged the habitual offender finding under Cause No. 230. Phillips alleged that his plea was not voluntary and intelligent, that he was not eligible to receive an habitual offender enhancement, and that his counsel provided faulty advice. On November 15, 2011, the post-conviction court held a hearing. On March 13, 2012, the court denied Phillips's petition.

Before discussing Phillips's allegations of error, we note that although Phillips is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). Id. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Id. In this review, we accept findings of fact unless clearly

4

erroneous, but we accord no deference to conclusions of law.  Id.  The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses.  Id.

The issue is whether the post-conviction court erred in denying Phillips's petition for relief.  Phillips argues that there was no advisement given to him regarding the right to a jury trial on the habitual offender allegation, that he did not waive his right to a jury trial on this allegation, and requests that we vacate the habitual offender finding.  The State argues that Phillips waived his right to a jury trial on the habitual offender allegation when he pled guilty to it along with several other underlying offenses.  In his reply brief, Phillips argues that a habitual offender determination is not a charge or an offense and that a waiver of a right to a jury trial on all charges does not apply to a waiver of a right to a jury determination of one's habitual offender status.

A guilty plea constitutes a waiver of constitutional rights and this waiver requires a trial court to evaluate the validity of every plea before accepting it.  Davis v. State, 675 N.E.2d 1097, 1102 (Ind. 1996).  For the plea to be valid, the defendant's decision to plead guilty must be knowing, voluntary and intelligent.  Id.  In Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969), the United States Supreme Court held that it was reversible error for the trial judge to accept a petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary.  More particularly, Boykin requires that the record must show, or there must be an allegation and evidence which show, that the defendant was informed of, and waived, three specific federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers.  395 U.S. at 243, 89 S. Ct. at 1712.

5

We find Snyder v. State, 668 N.E.2d 1214 (Ind. 1996), instructive. In that case, the State charged Jeffrey Snyder with multiple offenses and alleged that he was an habitual offender. Snyder agreed to plead guilty to battery and criminal recklessness and the habitual offender allegation was "left open" for the sentencing hearing. 668 N.E.2d at 1215. At the guilty plea hearing, "the trial court heard the factual basis for each crime he pled guilty to, except for [the] habitual offender finding." Id. It was determined that evidence on that count would be offered at the sentencing hearing. Id. At the sentencing hearing, Snyder's trial counsel offered neither witnesses nor questions to challenge the habitual offender finding. Id. The court ordered Snyder's seven-year sentence on the battery conviction be enhanced by thirty years for the habitual offender finding. Id.

In a petition for post-conviction relief, Snyder sought to vacate the felony pleas and asserted a violation of his rights under Boykin inasumuch as the trial court took his plea without informing him that by pleading guilty to the principal felonies he was foregoing a jury trial on the habitual claim. Id. Snyder also argued that his plea should be set aside because his plea was not voluntary and intelligent in the absence of an advisement. Id. The post-conviction court denied Snyder's petition. Id.

On appeal, this court addressed "whether the habitual offender jury hearing is a jury trial, and if so, whether due process requires that an accused be advised or made aware that his guilty plea to an underlying offense waives his right to the jury trial of a pending habitual offender allegation." Snyder v. State, 654 N.E.2d 15, 18 (Ind. Ct. App. 1995), vacated and summarily aff'd in part, 668 N.E.2d 1214 (Ind. 1996). We held that "[w]here an accused pleads guilty to an underlying offense but leaves an habitual

6

offender allegation pending, it is essential that he understand the ramifications of his guilty plea and be aware of the rights he is waiving." Id. at 20. We also held that "[i]f the record does not show that the accused was advised or knew that his guilty plea to the underlying offense waived his right to a jury determination of a pending habitual offender allegation, the conviction on the underlying offense must be vacated." Id. We noted:

> This is to be distinguished from the situation in which a defendant pleads guilty to both the underlying offenses *and* an habitual offender allegation. In that case, the court's advisement that the accused is waiving his right to a jury trial on all charges sufficiently informs the defendant that he is waiving his right to a jury trial on the habitual offender charge.

Id. at 20 n.2. We vacated Snyder's convictions entered pursuant to the guilty plea. Id. at 20.

On transfer, the Indiana Supreme Court summarily affirmed our opinion except with respect to the relief ordered. 668 N.E.2d at 1216. The Court affirmed the trial court's judgment with respect to the pleas entered on the two felony counts and remanded the case for a jury trial on the habitual offender claim or a plea to that claim or for other equivalent proceedings. Id. The Court also noted that we distinguished Snyder's case "from instances in which a defender pleads guilty to both the current offenses and habitual, saying that on such occasions a trial court's advisement that the defendant was waiving jury trial on all charges would sufficiently advise a defendant as to both the instant charges and the habitual." Id. at 1215 n.1.

The record reveals that Phillips pled guilty to the habitual offender allegation in Cause No. 230. As noted by the Indiana Supreme Court and this court, when a defendant pleads guilty to both the underlying offense and an habitual offender allegation then a

7

court's advisement that the accused is waiving his right to a jury trial on all charges sufficiently informs the defendant that he is waiving his right to a jury trial on the habitual offender allegation. See 668 N.E.2d at 1215 n.1; 654 N.E.2d at 20 n.2., summarily aff'd in relevant part.

Based upon our review of the record, including the plea agreement and the trial court's advisement that Phillips was waiving his right to a jury trial, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. See Dewitt v. State, 755 N.E.2d 167, 170-171 (Ind. 2001) (rejecting the defendant's argument that the post-conviction court erred by concluding that the defendant's decision to plead guilty was not knowing, voluntary, and intelligent).

For the foregoing reasons, we affirm the post-conviction court's denial of Phillips's petition for post-conviction relief.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.