

IN THE

# Court of Appeals of Indiana

Joshua Butler,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Apr 29 2025, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

April 29, 2025

Court of Appeals Case No.
24A-CR-2631

Appeal from the Marion Superior Court

The Honorable Linda E. Brown, Judge
The Honorable Peggy R. Hart, Magistrate

Trial Court Cause No.
49D36-2212-F6-32581

**Opinion by Judge Pyle**
Judges Bradford and Kenworthy concur.

**Pyle, Judge.**

[1]  Joshua Butler ("Butler") appeals his conviction, following a bench trial, of Level 6 felony impersonation of a public servant.[1] He argues, and the State agrees, that the trial court committed fundamental error when it failed to confirm that Butler had personally waived his right to a jury trial.

[2]  Our Indiana Supreme Court has explained that "[t]he jury trial right is a bedrock of our criminal justice system, guaranteed by both Article I, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution." *Horton v. State*, 51 N.E.3d 1154, 1158 (Ind. 2016). Under Indiana constitutional jurisprudence, "in a felony prosecution, waiver [of the jury trial right] is valid only if communicated *personally* by the defendant[.]" *Id.* (emphasis in the original). Personal waiver of the right to a jury trial may be either in writing or in open court. *Id.* at 1159. Indiana has rejected the purported waiver of the right to a jury trial where such waiver is communicated by a defendant's counsel. *Id.* at 1158-59 (citing *inter alia*, *Kellums v. State*, 849 N.E.2d 1110, 1113-14 (Ind. 2006); *Good v. State*, 366 N.E.2d 1169 (Ind. 1977)). In other words,

> [a] defendant is presumed not to waive his jury trial right unless he affirmatively acts to do so. It is fundamental error to deny a defendant a jury trial unless there is evidence of a knowing, voluntary, and intelligent waiver of that right. The defendant

---

[1] IND. CODE § 35-44.1-2-6.

must express his personal desire to waive a jury trial and such a personal desire must be apparent from the court's record, whether in the form of a written waiver or a colloquy in open court . . . .

*Pryor v. State*, 949 N.E.2d 366, 371 (Ind. Ct. App. 2011) (internal citations and quotations omitted). And the trial court's failure to confirm a defendant's personal waiver before proceeding to a bench trial constitutes fundamental error. *Horton*, 51 N.E.3d at 1160.

[3] Here, our review of the record reveals no evidence that Butler personally waived his right to a jury trial. Rather, the evidence reveals that although Butler's counsel signed and filed a jury trial waiver, Butler did not sign the waiver. (App. Vol. 2 at 110). Further, although Butler's counsel told the trial court at a pre-trial hearing that counsel preferred a bench trial, Butler did not *personally* express, either at the pre-trial hearing or at trial, his desire to waive his right to a jury trial. The trial court's failure to confirm Butler's personal waiver before proceeding to a bench trial was fundamental error. *See Horton*, 51 N.E.3d at 1160. Accordingly, we reverse and remand for a new trial. *See id*.

[4] Reversed and remanded.

Bradford, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Susan D. Rayl
Harshman | Ponist Smith & Rayl
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E Rokita
Attorney General of Indiana

Alexandria Sons
Deputy Attorney General
Indianapolis, Indiana