Joseph LEWIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Appellee.

No. 49A02–0010–CR–657.

Court of Appeals of Indiana.

Aug. 30, 2001.

Timothy J. O'Connor, O'Connor & Auersch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Joseph Lewis was convicted of child molesting as a Class C felony. In this appeal he raises two issues, which we restate as

I. Whether the trial court abused its discretion in admitting the victim's videotaped statement to a detective pursuant to Indiana Code section 35–37–4–6; and

II. Whether the trial court abused its discretion under Indiana Evidence Rule 106 when it denied Lewis' request to admit his entire pretrial statement to police after portions of it had been played for the jury at his request.

We affirm.

### Facts and Procedural History

On November 27, 1997, Lewis and his wife, Mary, babysat seven-year-old S.F. and her sister, E.F., in the Lewis' home. While Lewis and S.F. were alone in his bedroom, he told her to take off all her clothes except her underwear. He then removed his own clothes, got on the bed, spread his legs, and instructed S.F. to sit between his legs. He rubbed her vagina with his hand. After he stopped the rub-

bing, S.F. put on her clothes and Lewis told her not to tell anyone.

Two years later, after viewing a television program, S.F. told her mother of the molestation, and her mother contacted police. Lewis was arrested and charged with child molesting, a Class C felony. A jury found him guilty, and he was sentenced to the presumptive term of four years imprisonment with two years suspended. He appeals.

## I. Child Hearsay

Lewis contends that the trial court abused its discretion in admitting portions of S.F.'s videotaped statement to a detective. He acknowledges that Indiana Code section 35–37–4–6 allows for the admission of what would otherwise be inadmissible hearsay under certain conditions. However, he asserts that the interview does not satisfy these conditions because (1) the interview was planned; (2) S.F. brought to the interview a note about the molestation that she had prepared at her father's direction; and (3) the detective told S.F. he believed her and used interview techniques that predisposed her to give the responses the detective wanted to hear.

■ Several weeks before trial, the trial court held a hearing on the admissibility of the statement. After reviewing briefing from both parties, the trial court ruled parts of the statement were admissible and other parts were not. The order provides in relevant part:

1. Pertinent provisions of the IC 35–47–4–6 [35–37–4–6] allow introduction of statements that would otherwise be inadmissible hearsay if: a) the witness is under age 14, b) the case involves a sex crime, c) the statement concerns an act that is a material element of the offense, d) the protected person testifies at trial, and e) the court finds after a contested hearing that the time, content, and circumstances of the statements indicate that the statements are reliable.

2. The Indiana Supreme Court elaborated on this standard when it decided *Pierce v. State*, 677 N.E.2d 39 (Ind. 1997). In the *Pierce* case the Indiana Supreme Court determined reliability by considering the following factors: whether there was significant opportunity for coaching, nature of the questioning, whether there was motive to fabricate, use of age-appropriate terminology, spontaneity and repetition, and any lengthy and stressful interviews or examinations preceding the statement or admission. *Id.* at 44 .3. Pursuant to the United States Supreme Court's decision in *Idaho v. Wright*, 497 U.S. 805, 814, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the statements must also contain particularized guarantees of trustworthiness.

. . .

5. Some of the statements to Detective McGraw fail to pass muster under the *Pierce* and *Wright* tests. *Id.* The passage of time between the initial disclosure and the taped statement presents an opportunity for coaching. And Samantha testified that her father instructed her prepare the written statement that was relied upon at the outset of the interview with McGraw. McGraw, while understandably trying to put a nervous 10–year–old at ease, coached by reading the note aloud before Samantha provided any detail and by praising any conduct he considered consistent with disclosure.

6. As noted above, however, reliance on the writing diminished midway through the interview, and Samantha began to spontaneously provide specific and consistent detail about the alleged molest and the circumstances surrounding it.

7. The Court therefore finds that a portion of the December 3, 1999 statement is sufficiently reliable and trustworthy to pass statutory and constitutional muster. The following portions are hereby deemed admissible:

Page 14, line 2, through page 17, line 5.

Page 17, line 14 through page 27, line 6,

Page 27, line 21 through page 37, line 4.

Page 37, last three words of line 8, through page 41, line 10.

Page 41, line 15, through page 45 line 16.

8. The Court further finds that the redacted lines from the pages cited above contain inadmissible statements of Detective McGraw that impermissibly vouch for the credibility of Samantha Frost and or significant passages of leading questions to which Samantha merely responded with a non-verbal response.

The Court hereby orders the State to prepare a redacted version of the taped statement consistent with this order and to provide counsel for the Defendant with a copy of that tape by noon Saturday, September 9, 2000.

R. at 96–97.

Although Judge Magnus Stinson's order sets forth the relevant law and thoughtfully and thoroughly applies it to all of the points raised by Lewis, Lewis nevertheless takes issue with the admission of any of the interview on the basis that "[i]f the writing of the note was coached, then the entire interview with the detective is tainted because the note drives the rest of what was said during the interview." Brief of Appellant at 18. We disagree.

The interview's admissibility turns on the *Pierce* factors and the concern for particularized guarantees of trustworthiness expressed in *Wright*. We agree with Judge Magnus–Stinson that later portions of the interview, during which S.F. provided specific and consistent detail about the incident without relying on the note, were sufficiently reliable to pass statutory and constitutional muster. This is especially true in this case, where defense counsel was given the opportunity to cross-examine S.F. and her parents about the "potential for any implantation or cleansing of the child's story." *Pierce*, 677 N.E.2d at 45.

## II. Doctrine of Completeness

Lewis alternatively contends that the trial court erred in admitting only part of his videotaped statement to police. At trial, the State called Detective McGraw who testified about his interview of Lewis. McGraw testified about the content of the interview, but the State did not offer the videotape or transcript of the interview into evidence. Lewis then sought admission of the videotape on the basis that McGraw had characterized his denials as being less than complete and the jury should be "entitled to look at the statement, at least the portions where there could be any admission or denial." R. at 456. The trial court admitted part of the videotape to prevent misrepresentation as to McGraw's answers that characterized Lewis' responses during the interview. Lewis argues that admitting only part of the videotape contravenes Indiana Evidence Rule 106. We disagree.

The common law doctrine of completeness provides that "[w]hen one party introduces part of a conversation or document, the opposing party is generally entitled to have the entire conversation or entire instrument placed into evidence." *McElroy v. State*, 553 N.E.2d 835, 839 (Ind.1990). Although this Court has observed that the doctrine of completeness "has been incorporated into the new Indiana Evidence Rules as Ind. Evidence Rule 106," *Vinson v. State*, 735 N.E.2d

828, 833 (Ind.Ct.App.2000), *disapproved on other grounds by Long v. State,* 743 N.E.2d 253, 256–57 n. 6 (Ind.2001), this is not entirely true. Whereas the doctrine of completeness covered both conversations and documents, Evidence Rule 106 applies only to "a writing or recorded statement or part thereof. . . ."

Here, Detective McGraw *testified about* the conversation he and Lewis had about the alleged molestation of S.F. The State [1] did not offer the videotape or transcript of this conversation into evidence; therefore, Evidence Rule 106 is inapplicable.

This is not to say, however, that defendants are helpless to do anything if police officers take recorded statements that include denials of wrongdoing or other exculpatory information and then testify only about the incriminating portions at trial. As noted above, the common law doctrine of completeness applies not only to writings but oral conversations as well. Therefore, it will always be proper to cross-examine and to impeach an officer *testifying about* a conversation with a defendant. *McElroy,* 553 N.E.2d at 839. The continued viability of the doctrine as it relates to testimony *about* conversations— and not the writings or recordings—is supported by post-Rules of Evidence case law. *See, e.g., Sweeney v. State,* 704 N.E.2d 86, 110 (Ind.1998) (quoting *McElroy* ).

■ Moreover, in addressing this issue, federal courts have held that Rule 611(a), which charges trial courts with the responsibility of exercising control over the mode and order of interrogating witnesses and presenting evidence so as to "make the interrogation and presentation effective for the ascertainment of the truth

. . . .," compels the admission of those portions of the defendant's statement that are "relevant to an issue in the case" and necessary "to clarify or explain the portion already received." *United States v. Haddad,* 10 F.3d 1252, 1258–59 (7th Cir.1993).[2] In determining what portion of a statement should be admitted, the trial court should consider whether "(1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." *United States v. Li,* 55 F.3d 325, 330 (7th Cir.1995). A redacted version of the defendant's statement is impermissible if it "unfairly distort[s] the original" or "exclude[s] substantially exculpatory information." *United States v. Mussaleen,* 35 F.3d 692, 696 (2d Cir.1994). Although we are not bound by interpretations of the Federal Rules of Evidence, we do not hesitate to look to federal cases interpreting similarly worded rules when confronted with a similar issue. *Dowdy v. State,* 672 N.E.2d 948, 951 (Ind.Ct.App.1996), *trans. denied.*

■ We find the federal criteria useful in considering Lewis' claimed error. Here, the trial court admitted portions of the videotape that included repeated denials by Lewis.

A. I'm sorry, I did not touch her.

. . . .

Q. I know somethin' happened.

A. I don't know—I never touched her—no—

Q. I know—

A. No sexual way at all—

Q. I know—

A. Not—not on purpose.

. . . .

---

1. Rule 106 allows "an adverse party" to seek admission of a writing or recorded statement. Here, the State never sought the admission of the videotape.

2. As is true of all evidence, the statements to be admitted must be relevant under Indiana Evidence Rules 401 and 402 and pass the balancing test of Rule 403.

Q. She knows it happened because it happened, okay?

A. She got me confused me [sic] with somebody else 'cause I've never hurt that child.'

. . . .

Q. Why would she say you had her take off her clothes except for her underwear?

A. Well, I did not do that.

. . . .

A. I am bein'—I am bein' honest with you.

Q. No, Joe, you're lying to me. Now listen to me. Listen to me. I've been—

A. If you think I'm lying to you, let me tell my story and . . . get a lawyer.

R. at 586, pp. 72–83.

Lewis points to other denials of inappropriate touching from earlier in his statement to police. However, some of these are less than unequivocal. "I kinda think you got the wrong person." R. at 586, p. 19. "I just don't think you got the right person." R. at 586, p. 24. The few remaining denials sprinkled over seventy pages of the transcript are no stronger or different from those admitted at trial and quoted above. Although admitting the entire videotaped statement would have alleviated any possibility that the jury did not understand the full context of the defendant's statement to police, trial courts have discretion to weigh the competing interest of fairness to a defendant and the "elimination of unjustifiable expense and delay . . . ." Ind. Evidence Rule 102.

Here, the admitted portion of the videotape clearly conveyed Lewis' denial of inappropriate touching of S.F. The limitation imposed by the trial court did not distort Lewis' version or otherwise exclude substantial exculpatory information. Accordingly, we find no abuse of discretion.

## Conclusion

For all the these reasons, the judgment of the trial court is affirmed.

BAILEY, J., and BAKER, J., concur.