Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 26 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOSE MORALES,                          )
                                       )
    Appellant-Defendant,               )
                                       )
        vs.                         )       No. 49A02-1207-CR-607
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa Borges, Judge
Cause No. 49G04-1009-FA-62314

**February 26, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Following a jury trial, Jose Morales ("Morales") was found guilty of two counts of Class A felony child molesting and was sentenced to an executed, aggregate sentence of fifty years. Morales appeals and raises two issues, which we restate as:

I. Whether the trial court abused its discretion by admitting Detective Cook's testimony regarding the general nature of child abuse reports and recantations and testimony regarding the charging information;

II. Whether the trial court abused its discretion by limiting Morales's cross-examination of a State's witness.

We affirm.

**Facts and Procedural History**

In January 2003, Jose Morales ("Morales") and Maria Guadalupe-Ambrosio ("Guadalupe-Ambrosio") married. Guadalupe-Ambrosio had a son ("E.A."), who was born in 2001, from a previous relationship, and Morales and Guadalupe-Ambrosio had two more children ("J.M." and "A.M.") together.

On two separate occasions between 2009 and 2011, while Guadalupe-Ambrosio was at church, Morales threw E.A. down to the living room floor in their apartment and penetrated E.A.'s anus with his penis. Tr. p. 50. E.A. had to use toilet paper to clean "white stuff" off his bottom, and Morales told him that if he ever told his mother, he "would never have a dad and never have a home to live and food." Tr. p. 50, 59.

About a week after the second incident, in August of 2011, E.A. told his mother, Guadalupe-Ambrosio, what had occurred. Guadalupe-Ambrosio took E.A. to the hospital, and sexual assault nurse Stephanie Glover ("Glover") examined E.A. The

2

examination was normal; however, Glover testified that 70-90% of sexual abuse victims have normal examinations after anal penetrations.

On September 6, 2011, the State charged Morales with two counts of Class A felony child molesting and one count of Class D felony battery. On November 30, 2011, the State amended the charging information and added six additional counts of Class A felony child molesting of J.M. and one count of Class D felony battery of J.M. A jury trial was conducted on June 25-26, 2012. At trial, the State dismissed the amended counts against J.M. that were added on November 30, 2011.

Indianapolis Metro Police Department Detective Genae Cook ("Detective Cook") testified in regard to the nature of children's reports of sexual abuse and the reasons why some abuse victims recant or fail to disclose abuse. Detective Cook also testified that she had interviewed Morales. On cross examination, Morales sought to elicit testimony from Detective Cook regarding Morales's denial of the allegations during this interview, but the State objected that this was hearsay. Morales argued that the testimony was admissible because the State opened the door to the testimony. The judge sustained the objection and ordered the jury to disregard the testimony.

The jury found Morales guilty of two counts of Class A felony child molesting but not guilty of Class D felony battery. The trial court sentenced Morales to consecutive, executed sentences of twenty years on one count and thirty years on the other.

Morales now appeals.

## Standard of Review

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. Lehman v. State, 926 N.E.2d 35, 37 (Ind. Ct. App. 2010) (citing Iqbal v. State, 805 N.E.2d 401, 406 (Ind. Ct. App. 2004)), trans. denied. An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law." Boatner v. State, 934 N.E.2d 184, 186 (Ind. Ct. App. 2010). However, "[w]here the alleged error also involves claims of legal error, we judge questions of law de novo." Purvis v. State, 829 N.E.2d 572, 578 (Ind. Ct. App. 2005).

## I. Admission of Detective Cook's Testimony

Morales argues that the trial court abused its discretion by admitting Detective Cook's testimony regarding the general nature of children's reports of sexual abuse and reasons some children recant and her testimony regarding the charging information, claiming it to be inadmissible vouching testimony. Vouching testimony is generally prohibited by Indiana Evidence Rule 704(b) which provides that: "Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." "This testimony is considered an 'invasion of the province of the jurors in determining what weight they should place upon a witness's testimony.'" Kindred v. State, 973 N.E.2d 1245, 1257 (Ind. Ct. App. 2012) (quoting Gutierrez v. State, 961 N.E.2d 1030, 1034 (Ind. Ct. App. 2012)), trans. denied. "Until recently, an exception was made to Evidence Rule 704(b) for vouching testimony in child-molesting cases[,]" but, in

4

Hoglund v. State, 962 N.E.2d 1230 (Ind. 2012), our supreme court eliminated the "vouching testimony exception in the context of child-molesting cases." Palilonis v. State, 970 N.E.2d 713, 729 (Ind. Ct. App. 2012), trans. denied.

Following the Hoglund decision this court, in Kindred, contrasted general testimony about the signs of coaching from specific testimony about the child victim in a given case: "[G]eneral testimony about the signs of coaching, as well as the presence or absence of those signs in the child victim at issue, preserves the ultimate credibility determination for the jury and therefore does not constitute vouching[;]" whereas, when "a witness opines as to whether the child victim was coached" this vouches for the child and invades the province of the jury. 973 N.E.2d at 1258. Thus, we read Kindred to suggest that if the witness's testimony does not opine about the specific child in the case, it leaves the ultimate credibility determination for the jury and, therefore, is not vouching testimony prohibited by Rule 704(b). This interpretation is also supported by our court's opinion in Otte v. State, where we held that a domestic violence expert's non-specific statements that victims of domestic violence routinely recant their stories was not impermissible vouching testimony under Indiana Evidence Rule 704(b), even though the testimony "operated to explain away [the victim's] recantation[.]" 967 N.E.2d 540, 544 (Ind. Ct. App. 2012), trans. denied.

A. *Testimony regarding the general nature of children's reports of sexual abuse*

Morales argues that Detective Cook's testimony regarding the general nature of children's reports of sexual abuse and the reasons why some abuse victims recant or fail to disclose abuse was impermissible vouching testimony, because it implied that

5

Detective Cook believed E.A. was credible.  However, Morales admits that Detective Cook "did not explicitly give[] an opinion about E.A.'s credibility[.]"  Appellant's Br. at 14; see also Appellant's Reply Br. at 2.  Rather, Detective Cook testified, in general terms, how children report sexual abuse and why children may recant.  Tr. p. 165-66.

The record is clear that Detective Cook's testimony was based on her specialized training in interviewing child abuse victims and her experience investigating 550 cases as a detective in the child abuse unit.  Tr. p. 160-61.  Though Morales has characterized this testimony as vouching testimony, we disagree.  Detective Cook's testimony did not focus on E.A., and she did not testify that she believed E.A. was truthful or credible.  By eliciting only general, non-specific statements from Detective Cook, the State properly left the determination of E.A.'s credibility to the province of the jury.[1]

B. *Testimony regarding charging criteria*

Morales also argues that Detective Cook's testimony regarding the charging criteria was vouching testimony.  However, Morales's only objection to the admission of this evidence at trial was a hearsay objection, and the trial court sustained the objection

---

[1] Despite not clearly delineating the argument as a separate issue, Morales also contends that Detective Cook's testimony regarding the general nature of children's sexual abuse reports should be excluded because the State did not prove this testimony was scientifically reliable under Indiana Evidence Rule 702(b).  Appellant's Br. at 15-17; see also Steward v. State, 652 N.E.2d 490, 499 (Ind. 1995) (holding that testimony regarding child sexual abuse syndrome was inadmissible to prove that a child was sexually abused).  However, Morales's reliance on Steward is misplaced.  Steward dealt with the use of child sexual abuse syndromes or behavior profiles as scientific tools to prove child sexual abuse, whereas, here Detective Cook testified as a skilled witness with specialized knowledge based on her observations and training from dealing with abused children, not based on scientific principles governed by Rule 702(b).  See Haycraft v. State, 760 N.E.2d 203, 211 (Ind. Ct. App. 2001) (holding that the detective testified as a skilled witness not an expert witness regarding grooming techniques of child molesters); see also Lyons v. State, 976 N.E.2d 137, 142 (Ind. Ct. App. 2012) (holding that testimony based on specialized knowledge "need not be proven reliable by means of 'scientific principles[,]'" and "any weaknesses or problems in the testimony go only to the weight of the testimony, not to its admissibility").

6

on that ground and directed the State to rephrase the question. See Tr. p. 172-73. Morales made no other objection to the questions regarding the charging criteria and made no objection at all to the evidence on the basis it was vouching testimony. See Appellant's Br. at 23 (noting that "defense counsel did not specifically object to the testimony about the charging criteria"). Thus, this error was waived. See Brown v. State, 587 N.E.2d 693, 703 (Ind. Ct. A 1992) (holding that failure to properly object waives the error upon appeal and that "defendant may not state one reason for an objection at trial and then rely upon another upon appeal").

Waiver not withstanding, Detective Cook's testimony regarding charging criteria was not vouching testimony. Detective Cook gave only brief testimony regarding the charging criteria. She testified that she made the decision to arrest Morales, was part of the filing process, and determined the date for the counts based off when E.A. started school that year. Tr. p. 172-73. She did not testify to any opinion concerning the veracity of E.A.'s allegations. See id.

For all of these reasons, we conclude Detective Cook's testimony was not vouching testimony prohibited by Indiana Evidence Rule 704(b) and conclude the trial court did not abuse its discretion by admitting the testimony into evidence.[2]

## II. Exclusion of Detective Cook's Statements

Morales also contends that the trial court abused its discretion by excluding portions of Detective Cook's testimony regarding statements Morales had previously

---

[2] In light of our conclusion that Detective Cook's testimony was not vouching testimony, we need not address Morales's argument that the cumulative effect of admitting Detective Cook's testimony resulted in fundamental error.

made to her. At trial, the State elicited testimony from Detective Cook that she had interviewed Morales and determined Morales's date of birth. Tr. p. 170. During cross-examination, Morales then attempted to elicit testimony from Detective Cook regarding his denial of the allegations during this interview, but the State objected on hearsay grounds and the trial court sustained the objection. Tr. p. 176. Morales argues that the trial court's ruling violated the doctrine of completeness and limited his constitutional rights to cross-examine Detective Cook. [3]

The completeness doctrine provides that "'[w]hen one party introduces part of a conversation or document, the opposing party is generally entitled to have the entire conversation or entire instrument placed into evidence.'" Lewis v. State, 754 N.E.2d 603, 606 (Ind. Ct. App. 2001) (quoting McElroy v. State, 553 N.E.2d 835, 839 (Ind. 1990)). The doctrine of completeness has been incorporated into Indiana Evidence Rule 106 but the common law doctrine of completeness is also still viable. See id. at 607.

Morales does not clearly assert in his brief whether he is relying on doctrine of completeness as incorporated into Indiana Evidence Rule 106 or the common law doctrine of completeness. To the extent his argument relies on Rule 106, we find this argument unavailing, because this rule only applies to a "writing or recorded statement or part thereof[,]" and the State did not offer the transcript or recording of the interview

---

[3] Morales does not raise the constitutional issue separate from his argument regarding doctrine of completeness and does not support his constitutional argument with cogent reasoning; therefore, we conclude he waived the issue for our consideration. See Indiana Appellate Rule 46(A)(8)(a); see also Lampitok v. State, 817 N.E.2d 630, 638 (Ind. Ct. App. 2004). Waiver notwithstanding, trial judges retain "wide latitude" in imposing limits on cross-examination, and here, the trial court's limitation was reasonable and did not impinge Morales's ability to present his defense. See Lampitok, 817 N.E.2d at 638-39.

between Detective Cook and Morales into evidence. See Farmer v. State, 908 N.E.2d 1192, 1200 (Ind. Ct. App. 2009).

In contrast, under the common law doctrine, a defendant can cross-examine and impeach an officer "*testifying about* a conversation with a defendant[,]" even in regard to "self-serving hearsay statements." Farmer, 908 N.E.2d at 1200 (emphasis added). Yet, in applying this doctrine we must keep the purpose of the completeness doctrine in mind—"to avoid misleading impressions caused by taking a statement out of its proper context[.]" Barnett v. State, 916 N.E.2d 280, 286 (Ind. Ct. App. 2009) (citing Lieberenz v. State, 717 N.E.2d 1242, 1248 (Ind. Ct. App. 1999), trans. denied). Here, the only testimony the State elicited was that Detective Cook had interviewed Morales and determined his date of birth. Detective Cook did not testify in regard to the substance of the interview with Morales and did not indicate, or in anyway imply, that Morales's had or had not made statements regarding the truth of E.A.'s allegations. Thus, this very limited testimony regarding Detective Cook's interview of Morales did not cause a misleading impression, and as a result, it was not necessary under the completeness doctrine to admit the otherwise inadmissible hearsay statements of Morales in which he denied E.A.'s allegations.

Moreover, even if the trial court erred in prohibiting Detective Cook's testimony regarding Morales's denial of the allegations, Morales has not demonstrated reversible error. See Farmer, 908 N.E.2d at 1200 (holding that it was not reversible error where the defendant testified at length on his own behalf and explained his statement). Morales testified at trial and denied the allegations, Tr. p. 223-24; thus, he had the opportunity "to

9

tell his version of the entire matter" as he saw fit. <u>McElroy v. State</u>, 553 N.E.2d 835, 840 (Ind. 1990) (holding that reversal was not required when the record in the case disclosed that appellant testified on his own behalf at great length). Because Morales cannot demonstrate that he was prejudiced by the exclusion, even if the trial court erred in excluding the testimony, it was not reversible error.

## Conclusion

The trial court did not abuse its discretion by admitting Detective Cook's testimony regarding the general nature of child abuse reports and child recantations and her testimony regarding charging information. Nor did the trial court abuse its discretion by limiting Morales's cross-examination of Detective Cook in an attempt to elicit her testimony regarding Morales's denial of the allegations.

Affirmed.

KIRSCH, J., and CRONE, J., concur.